UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
COURT FILE NO.: _____

| | |
|---|---|
| Zubic Drago, on behalf of himself and all others similarly situated, | ) ) **CLASS ACTION COMPLAINT** ) ) **DEMAND FOR JURY TRIAL** |
| Plaintiff, | ) |
| v. | ) ) |
| LVNV Funding LLC, | ) ) |
| Defendant. | ) ) |

**I.**

**INTRODUCTION**

1. This is an action for damages, declaratory and injunctive relief, brought by Plaintiff Zubic Drago ("Plaintiff") against Defendant LVNV Funding LLC ("Defendant") to redress violations of Plaintiff's privacy rights under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq* and the protections of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2. Defendant publicly filed highly confidential and statutorily protected consumer reports[1] of Plaintiff and many other similarly situated consumers as part of state court lawsuits commenced in various courts nationwide. Plaintiff seeks relief under the federal Fair Credit Reporting Act ("FCRA") as Defendant did not "obtain" or "use"

---

[1] As will be elaborated on below, a "credit score" is a "consumer report" *See*, 15 U.S.C §§ 1681a(d)(1)(A) and 1681g(f)(2)(A). Consumer reports are statutorily protected by the FCRA from wrongful disclosure to third parties. For purposes of this Complaint, Plaintiff will use the terms "credit report," "consumer report" and "credit score" interchangeably. They all maintain the same level of protection.

Plaintiff's credit scores/consumer reports for a "permissible purpose," nor do the credit scores in any way "evidence" the writing of the underlying credit transaction. Defendant's egregious practices run afoul of exactly what Congress intended to prevent with its enactment of the FCRA. The FCRA was passed to keep consumer credit reports strictly private and protected from unlawful disclosure to unauthorized parties. Defendant violated these privacy provisions and must now be held accountable.

## II.

## JURISDICTION

3. Jurisdiction of this court arises under 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1337 (Commerce), 15 U.S.C. §1692k ("FDCPA") and 15 U.S.C. § 1681(p) ("FCRA").

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the conduct at issue occurred in this District, (amongst others nationwide), Plaintiff resides in this District, and Defendant has availed itself of the jurisdiction of this district by failing hundreds of lawsuits in state courts located in this District, members of the class reside in this District, and Defendant conducts business in this District and in the State of Florida.

## III.

## PARTIES

5. Plaintiff is an individual consumer currently residing in the City of Tamarac, State of Florida. Plaintiff was and is a "person" as defined under 15 U.S.C. § 1681a(b) and is protected by and entitled to enforce the remedies of the FCRA and is a "consumer" as defined under 15 U.S.C. § 1692a(3).

6. Defendant is a Delaware limited liability company whose principal purpose to purchase defaulted debts and seek to collect on them. Defendant transacts business in the State of Florida. Defendant regularly attempts to collect consumer debts alleged to be due another and/or who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts. Defendant is, therefore, a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6). Defendant is also a "person" as defined in 15 U.S.C. § 1681a(b) and 15 U.S.C. §1681b(f) and is subject to the requirements of the FCRA. Defendant regularly and purposefully avails itself of the Florida judicial system by filing collection actions in Broward County and other counties located in this District.

7. In the past two years, Defendant has filed hundreds of cases in state courts located in Florida alone. Defendant files lawsuits in courts across the State of Florida against citizens of the State of Florida, utilizes Florida state laws to collect debts, obtain judgments, and collect judgments, availing itself of the protections of Florida's legal system.

8. The violations for which this complaint seeks redress have occurred throughout the nation, including in the Southern District of Florida.

## IV.
## BACKGROUND INFORMATION

9. As a result of Defendant's conduct Plaintiff and the putative class have suffered an injury in fact, that the injury is traceable to the conduct of the Defendant, and the harm is likely to be redressed by a favorable judicial decision.

10. As shown in the paragraphs that follow, the Plaintiff and the putative class

have suffered "an invasion of a legally protected interest" which is their privacy of private and financial information occasioned by the conduct of the Defendant. *See Perrill v. Equifax*, 205 F Supp 3d 689 (W.D. TX 2016) ("an invasion of privacy within the context of the FCRA constitutes a concrete harm that meets the injury in fact requirements".

11. The paragraphs below show that the legally protected interest is concrete and particularized and "actual or imminent" and has affected the Plaintiff and the putative class in a personal and individual way.

12. The United States Supreme Court has held in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 2016 WL 2842447 (May 16, 2016), that for standing purposes, concrete injuries include intangible harms.

13. The Court in *Spokeo* further noted that:

> *"Because the doctrine of standing derives from the case or controversy requirement, and because that requirement in turn is grounded in historical practice, it is instructive to consider whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American Courts."*
> And,
>
> *"...that Congress may elevate to the status of legally cognizable injuries concrete, de facto injuries that were previously inadequate in law."*
> (Emphasis Added).

*See also Uzuegbunam et al v. Preczewski*, 141 S.Ct. 792 (March 8, 2021) where the Supreme Court recently held that "Because nominal damages were available at common law in analogous circumstances, we conclude that a request for nominal damages satisfies the

redressability element of standing where a plaintiff's claim is based on a completed violation of a legal right." The court further annunciated that "…..it is undisputed that *Uzuegbunam* experienced a completed violation of his constitutional rights when respondents enforced their speech policies against him. Because "every violation [of a right] imports damage," *Webb*, 29 F.Cas. at 509, nominal damages can redress *Uzuegbunam's* injury even if he cannot or chooses not to quantify that harm in economic terms."

14. Invasion of privacy is an example set forth in the Restatement (Second) of Torts 652A (1977) of "harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts."

15. The lead Senate sponsor, William Proxmire[2] stated that:

> *The aim of the Fair Credit Reporting Act is to see that the credit reporting system serves the consumer as well as the industry. ...the consumer has a right to see that the information is kept confidential and it is used for the purposed for which it is collected; and he has the right to be free from unwarranted invasions of his personal privacy...*

(Emphasis Added).

16. One of the primary protections of the FCRA is the requirement that "persons" or "users", such as Defendants, have and certify the permissible purpose when they not only obtain but then use a consumer report as demonstrated in 15 U.S.C. §§ 1681b(a) & 1681b(f).

17. There is no permissible purpose for either Defendant to obtain, use, or disclose the credit score of Plaintiff and the putative class members by filing their credit scores in a

---

[2] 115 Cong. Rec. 2413 (1969).

publicly accessible website in connection with state court debt collection proceedings.

V.

**FACTUAL ALLEGATIONS AS TO PLAINTIFF DRAGO**

18. As a consumer managing his financial affairs, Plaintiff, and others similarly situated, sought credit for personal financial needs from creditors such as non-party Credit One Bank ("Credit One").

19. Plaintiff had an account with Credit One for a personal credit card which he used for personal, family and household purposes and therefore constitutes a "debt" as that term is defined at 15 U.S.C. §1692a(5).

20. At some point Plaintiff became unable to repay the balance on the Account.

21. Defendant has sued Plaintiff in state court proceedings and has alleged that he defaulted on his obligation with Credit One.

22. Defendant has alleged in the state court proceedings that it purchased the Account and now owns and holds all rights relative thereto.

23. Defendant filed the state court complaint in the County Court of the Seventeenth Judicial Circuit in and for Broward County, Florida on or about August 17, 2020, bearing the court file number COCE-20-019521 Division 47 ("state court action").

24. The complaint sought to recover a money judgment in the amount of $1,679.56 against Plaintiff for the unpaid balance on the Account, plus costs and disbursements and interest.

25. Defendant attached a copy of its ownership documents to the state court action

as Exhibit B to that complaint.

26. Specifically, the documents (Exhibit B) that Defendant attached to the state court action complaint contained Plaintiff's credit score information.

27. The document (Exhibit B) contained Plaintiff's credit score on its account notes, which was not redacted and was published by Defendant in this state court action.

28. Filing and publishing Plaintiff's credit scores was neither required, necessary, essential nor otherwise supportable since the credit scores / report did not relate to or "evidence" the Account sought to be collected and provided no assistance in determining whether judgment should be entered against Plaintiff in the state court action.

29. Plaintiff's credit score published by Defendant constitute part of his private personal credit history as shown in his credit score / "consumer report," as that term is defined by 15 U.S.C. § 1681a(d)(1).

30. The credit score obtained and used by Defendant in the state court action was originally provided by a credit reporting agency and ultimately came into the possession and knowledge of Defendant solely for the purpose of including them on Plaintiff's account records.

31. Plaintiff did not authorize Defendant to obtain and/or use his credit score for any other purpose, nor did Defendant certify to a credit reporting agency the purpose for which they obtained and used the credit score pursuant to 15 U.S.C. §§ 1681b(f) and 1681e.

32. Defendant's unlawful procurement and use by publication of Plaintiff's credit score violated the requirements of 15 U.S.C. §1681b(f) as Defendant had no permissible

purpose for obtaining or using Plaintiff's protected personal and private information.

33. Defendant was attempting to collect a consumer debt from Plaintiff by filing the state court action.

34. Defendant's filing of Plaintiff's personal consumer report/credit score violated 15 U.S.C. §§ 1692d and 1692f.

35. Defendant, through various law firms nationwide, has filed pleadings in court actions, attaching unredacted copies of the respective state court consumer / account records and so publishing the consumers' consumer credit scores.

36. Defendant, had a duty to adequately supervise the professional collection and legal activities of its agent attorneys, but Defendant has failed to satisfy its legal duty in cases throughout the country.

37. Defendant's violations described herein were not only committed through the law firm that filed the action against Plaintiff but have been committed by other law firms around the country as Defendant's agents and on Defendant's behalf.

38. Defendant, through acts or omissions, breached its duty by negligently and/or recklessly failing to adequately supervise their agent debt collection attorneys by failing to take reasonable steps to protect the rights of consumers' privacy as proscribed in the federal law.

39. The fact that the same offending documents have been filed by various law firms throughout the country on behalf of Defendant indicates that it is Defendant itself that is responsible for providing the redacted documents to its attorneys.

40. As a direct and proximate result of Defendant's reckless supervision, Plaintiff and putative class members have suffered harm as described herein.

41. Defendant knew, or should have known, that publishing a consumer credit score as an attachment to a pleading filed in Florida and around the country was unlawful.

42. As of the filing of this Complaint, Defendant has not taken any steps to rectify the violations they have caused Plaintiff as set forth herein and such violations continue from day to day.

43. Plaintiff has hired Consumer Justice Center, PA and Loan Lawyers, LLC to bring this action and has agreed to pay a reasonable fee.

## VI.
## CLASS ALLEGATIONS

44. Defendant unlawfully obtained and/or "used" the consumer reports / credit scores received from creditors of Plaintiff and others when they published said reports in their filing of collection complaints and other pleadings in state courts throughout the country.

45. Upon information and belief, Defendant has on more than one hundred (100) occasions within the past two (2) years filed state court collection actions against similar consumer debtors wherein it unlawfully "used" the consumer reports/credit scores, in violation of 15 U.S.C. §§ 1681b(f).

46. Upon information and belief, Defendant has on more than fifty (50) occasions within the past one (1) year filed state court collection actions against similar consumer debtors in violation of 15 U.S.C. §1692e, §1692e(5), §1692d and §1692f.

47. Plaintiff brings this action individually and as a class action.

48. Pursuant to Federal Rule of Civil Procedure 23(a-b), Plaintiff seeks to certify two (2) classes.

49. The first-class Plaintiff seeks to certify is defined hereinafter the "FCRA Class":

> *All consumers nationwide who have had their consumer reports / credit scores published in various judicial court actions by LVNV regardless of the identity of the law firm that filed the state court debt collection on its behalf within two years of the date of the filing of this Complaint.*

50. The FCRA Class shall be subject to the following exclusions, who are not members of the FCRA Class, eligibility according to the above criteria notwithstanding:

> *All (1) Counsel for Plaintiff and the Class, (2) Counsel for Defendant, and (3) the assigned Judge, Magistrate Judge, and their clerks and staff.*

51. The second-class that Plaintiff seeks to certify is defined hereinafter the "FDCPA Class":

> *All consumers nationwide who have had their consumer reports / credit scores published in various judicial court actions by LVNV regardless of the identity of the law firm that filed the state court debt collection on its behalf within one year of the date of the filing of this Complaint.*

52. The FDCPA Class shall be subject to the following exclusions, who are not members of the FDCPA Class, eligibility according to the above criteria notwithstanding:

> *All (1) Counsel for Plaintiff and the Class, (2) Counsel for Defendant, and (3) the assigned Judge, Magistrate Judge, and their clerks and staff.*

## *Rule 23(a) Requirements*

### *Numerosity*

53. Various nonparty credit providers grant credit cards / loans to consumers nationwide.

54. Some of those consumers may have, at one time or another, defaulted on their credit card / loan obligations.

55. Defendant has filed pleadings containing credit scores in collection actions against such many consumers such that joinder of all in this lawsuit would be impracticable.

56. Defendant's conduct of filing debt collection lawsuits in state court constitutes debt collection activities and they have filed such collection actions against consumers nationwide.

57. Therefore, the estimated number of class members for each of the two classes is more than fifty (50) persons.

### *Commonality*

58. All members of the FCRA and FDCPA Classes (hereinafter "Classes") had their rights violated in the same manner by the same illegal actions of Defendant.

59. Common evidence, in particular (1) a list of nationwide consumer debtors who had had consumer/credit reports / scores filed in court actions by Defendant; and (2) a list of consumer debtors nationwide who have had collection suits filed against them specifically by Defendant, will drive resolution of the claims of the Classes.

60. Statutory relief under the FCRA and FDCPA is directed based upon the common conduct of Defendant, and not the subjective, individual experiences of members of the FCRA and FDCPA Classes.

*Typicality*

61. Plaintiff has the same claims to statutory relief as do all other members of the Classes.

62. Any defenses that Defendant may have to liability or quantum of statutory damages with respect to Plaintiff's claims would be generally applicable to all members of the two Classes.

63. Further, all class members would be entitled to seek nominal damages for the violations described herein in addition to the statutory damages provided for in both the FCRA and FDCPA.

*Adequacy*

64. Plaintiff brings this lawsuit after an extensive investigation of Defendant's alleged misconduct.

65. Plaintiff brings this lawsuit with the intention to stop Defendant's unlawful practices and recovery statutory remedies for all consumers affected.

66. Plaintiff will continue to vigorously pursue relief for the Classes.

67. Plaintiff's counsel, specifically the Consumer Justice Center P.A., has been certified as class counsel in numerous of class actions enforcing consumer rights laws in various districts of the United States Federal Courts and attorneys from Loan Lawyers,

LLC have also been appointed as class counsel in various class actions enforcing consumer rights.

68. Plaintiff's counsel, specifically the Loan Lawyers and its principal Matthew D. Bavaro represents Plaintiff in the underlying state court action and has substantial experience in litigating matters such as the underlying debt, and against Defendant specifically.

69. Plaintiff's counsels are committed to expending the skill, energy, and resources necessary to successfully prosecute this action on behalf of the Classes.

### *Rule 23(b)(3)*

### *Predominance/Superiority*

### *Predominance*

70. Statutory relief under the FCRA and FDCPA follows from evidence that Defendant acted in a manner common to the entire class and not the subjective experience of any one complainant.

71. Common issues will predominate substantially over individual issues in the ultimate resolution of this action for the two classes.

### *Superiority*

72. Plaintiff and his counsel are not aware of any other pending actions against Defendant related to the FCRA and FDCPA classes (concerning the filing of consumer reports and credit scores).

73. Members of the Classes have little interest in individual control over this action given the small amounts at stake compared to the cost, risk, delay, and uncertainty of recovery after prosecuting a lawsuit.

74. Upon information and belief, few members of the Classes are aware that Defendant's actions were unlawful.

75. The class notice mechanism provides an opportunity for uninformed members of the Classes to learn about their rights and obtain relief where they otherwise would not have.

## VII.
## CAUSES OF ACTION
### COUNT I.
### VIOLATION OF THE FAIR CREDIT REPORTING ACT –
### 15 U.S.C. § 1681 et seq.

76. Plaintiff hereby incorporates by reference paragraphs 1-32, 35-45, 47-50, and 53-75 as fully plead herein.

77. Defendant willfully violated provisions of the Fair Credit Reporting Act.

78. Defendant is aware of their responsibilities to maintain credit scores as confidential and private information in that it has, in many other instances, redacted the same credit score of other consumers in other similar debt collection proceedings.

79. However, regarding Plaintiff and the putative class members, Defendant has chosen not to redact this private information or has done so with reckless indifference to the rights of Plaintiff and the putative class members.

80. Defendant's violations include, but are not limited to, 15 U.S.C. §§ 1681b and 1681b(f).

81. Defendant's violations caused Plaintiff emotional distress and anxiety concerning his private credit score being published in the public records for others to review and see and have the natural effect of invading his privacy and that of the putative class members.

82. As a result of the above and continuing violations of the FCRA, Defendant is liable to the Plaintiff for nominal damages, actual damages, statutory damages, punitive damages, costs, disbursements, and reasonable attorneys' fees, along with any appropriate injunctive and declaratory relief.

## COUNT II.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. § 1692 et seq.

83. Plaintiff hereby incorporates by reference paragraphs 1-15, 18-28, 33-44, 46-48, and 51-75 as though fully stated herein.

84. The foregoing acts and omissions of Defendant constitutes violations of the FDCPA as outlined above.

85. Defendant engaged in unlawful debt collection activity when filing the state court action / collection action against Plaintiff and the simultaneous filing of the Plaintiff's unredacted credit score, in violation of 15 U.S.C. §§ 1692d, and 1692f.

86. Defendant's violations have caused Plaintiff actual damages in the form of emotional distress and have the natural effect of invading his privacy, and that of the putative class members.

87. The FDCPA is a strict liability statute that does not require proof of actual knowledge of the violation. However, as set forth in the preceding count, Defendant had actual knowledge that they had a responsibility to redact credit scores, but either chose not to redact this private information or has done so with reckless indifference to the rights of Plaintiff and the putative class members.

88. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to nominal damages, actual damages, statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## VIII.

## TRIAL BY JURY

89. Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. amend. VII; Fed. R. Civ. P. 38.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that a judgment be entered against Defendant awarding the following relief:

(a)     certifying the action as a class;
(b)     ordering that Plaintiff be named as class representative;
(c)     ordering that Thomas J. Lyons Jr., and Matthew D. Bavaro be named as class counsel;
(d)     awarding Plaintiff and the FCRA Class appropriate nominal, statutory and punitive damages for violating the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*;
(e)     awarding Plaintiff and the FCRA Class costs and reasonable attorney's fees and post judgment interest pursuant 15 U.S.C. §1681 *et seq.*;
(f)     an order enjoining the Defendant from further violations of the Fair Credit Reporting Act relative to the inclusion of consumer reports / scores in all such pleadings filed in various circuit courts;
(g)     an Order instructing Defendant to move to seal all class members' state court collection files;
(h)     awarding Plaintiff's nominal, actual and statutory damages against the Defendant for violations of the FDCPA pursuant to 15 U.S.C. § 1692k;
(i)     awarding the FDCPA Class members statutory damages against Defendant for violations of the FDCPA pursuant to 15 U.S.C. § 1692k;
(j)     awarding Plaintiff and the FDCPA Class members reasonable attorney's fees and costs against Defendant;
(k)     any other appropriate declaratory and/or injunctive relief; and
(l)     such other and further relief as the court deems just and equitable.

Dated: this ___ day of August, 2021

Respectfully submitted,

By: /s/ Matthew D. Bavaro
Matthew D. Bavaro, Esq.
Fl. Bar # 175821
LOAN LAWYERS, LLC
3201 Griffin Road #100
Fort Lauderdale, FL 33312
Telephone: (954) 523-4357
Facsimile: (954) 581-2786
matthew@fight13.com

Thomas J. Lyons, Jr., Esq.
MN Attorney I.D. #: 249646
CONSUMER JUSTICE CENTER, P.A.
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651) 704-0907
tommy@consumerjusticecenter.com
(*pro hac vice application forthcoming)*

*ATTORNEYS FOR PLAINTIFF DRAGO AND THE PUTATIVE CLASS*